Jeffrey E. Hoffman
5132 N. Palm Ave., #103
Fresno, CA, 93704
Telephone: (559) 259-5043
Email: jeff@jedwardscompany.com

*Pro Se*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY HOFFMAN, et al. | District Court Case No. 12-CV-00198-EMC |
| | Chapter 11 Case No. 04-32921 TEC |
| Plaintiffs/Cross-Defendants. | Lead Adv. No. 05-03328 TEC |
| | [Consolidated with Adv. No. 06-03165] |
| v. | **PLAINTIFF'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO F.R.C.P. 60(b)** |
| THOMAS R. LLOYD et al., | |
| Defendants/Cross Complainant | |
| AND CONSOLIDATED ACTION___ | Date: September 28, 2012<br>Time: 1:30 p.m.<br>Court: 17th Floor, Courtroom 5<br>Judge: Hon. Edward M. Chen |

## I. NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2012 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 5 of the Honorable Edward M. Chen, Plaintiff Jeffrey E.

Case No. 12-CV-00198-EMC             1    MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)

Hoffman, will and does hereby move the Court for an Order granting Relief from Judgment pursuant to Federal Rules of Civil Procedure Rule 60(b) entered on July 27, 2012.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Jeffrey E. Hoffman in Support of Motion for Relief from Judgment ("Hoffman Dec.") filed herewith, and upon such other evidence and law as may be presented to the Court at the time of the hearing.

## II. INTRODUCTION

On July 27, 2012, Judgment was entered against Jeffrey E. Hoffman in accordance with the **ORDER ADOPTING BANKRUPTCY COURT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** filed on July 20, 2012. The instant case is a non-core proceeding; the bankruptcy court was limited to submitting proposed findings and conclusions to this Court. Pursuant to U.S.C § 157(c)(1), this Court has the authority to enter a final order of judgment. Plaintiff Jeffrey E. Hoffman respectfully submits this Memorandum of Points and Authorities in Support of his Motion for Relief from Final Judgment entered against said plaintiff, pursuant to Federal Rules of Civil Procedure Rule 60(b).

FRCP 60(b) provides that as a motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... The motion shall be made within a reasonable time, and for reasons (1),... not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation..."

A district court's denial of relief from a final judgment, order, or proceeding under FRCP 60(b) is reviewed for abuse of discretion. *De Saracho v Custom Food Mach..Inc*, 206 F3d. 874, 880 (9th Cir. 2000). A district court abuses its discretion by denying relief under Rule 60(b) when it makes an error of law or relies on a clearly erroneous factual determination. *Bateman v U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

## III. MEMORANDUM OF POINTS AND AUTHORITIES

A.   **Statement of Relevant Facts**

On June 18, 2010 Christina R. Pfirrman, Special Counsel for Lloyd, purported to notice a deposition for Hoffman to commence at 10:00 a.m. on July 7, 2010 at the offices of Drummond & Associates in San Francisco, CA. A copy of the notice sent was attached as Appendix A to the Declaration of Donald Drummond in Support of Motion of Thomas Lloyd to Dismiss and to Strike Pleadings and for Entry of Defaults dated March 1, 2011. *See* **Hoffman Dec. Ex. A.** The noticing party, even in an adversary proceeding, still has to abide by Civ. L.R. 30-1 the Required Consultation Regarding Scheduling and *must* meet and confer *before* noticing a deposition of a party (emphasis added), which in this case was Lloyd's counsel. *See* **Hoffman Decl. Ex. B.** Hoffman did not receive the deposition notice or any communication from the noticing party to schedule the required meet and confer. Lloyd and his attorneys have all Hoffman's contact information. Judge Edward M. Chen's Standing Order, which requires the compliance of Civ.L.R.30-1 and failure to comply with any rules and order may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment or other appropriate sanction.

Lloyd's attorney Christina Pfirrman also stresses the required L.R. 30-1 in a letter she wrote to Mr. Hoffman's counsel reminding him. *See* **Hoffman Decl. Ex. C.**

Hoffman's deposition had already been taken in this action back in December 2005, which lasted two days.

On July 7, 2010, the deposition of Hoffman commenced without his presence. Lloyd's counsel, who refused to comply with Civ.L.R. 30-1, are on record regarding the fact Hoffman had not left any messages with either Drummond, Goodrich, or their respective office staff. Goodrich put on the record Page 3 Lines 8-11 since Hoffman had not communicated they will be bringing a Motion to Compel with terminating sanctions. They did not seek a court order nor was

Case No. 12-CV-00198-EMC          3    MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)

any attempt made to contact Hoffman during the deposition in the presence of the court reporter, which it's their obligation as the noticing party to do so. The deposition transcript is Appendix B to the Declaration of Donald Drummond. *See* **Hoffman Dec. Ex. A.**

September 17, 2010 Order on Motion to Dismiss Lloyd's Chapter 11 Case 04-32921 Docket #246 was entered reserving jurisdiction over the non-core adversary proceeding.

October 5, 2010, the attorneys, the CPA, and handful of other creditors that have been paid, prompted the official close of Lloyd's Bankruptcy Case 04-32921, which is entered on the docket as #248.

In the Declaration of Donald Drummond, Doc# 228 05-03328 Page 2 Lines 14-19, The letter Drummond sent December 13, 2010, was a letter requesting Hoffman contact him so they could meet and confer regarding the taking of Hoffman's deposition. The letter sent was more than 5 months after the "non-appearance" deposition of Hoffman took place. The Local Rule he cites, L.R 30-1, which is entitled *Required Consultation Regarding Scheduling* specifically states that before noticing a deposition of a party… the noticing party must confer about the scheduling of the deposition with opposing counsel, or if the party is pro se, the party. The letter he uses as his "initial" meet and confer is in violation of the Local Rules for the United States District Court for the Northern District of California. . The letter is attached as Appendix C to the Declaration of Donald Drummond. *See* **Hoffman Dec. Ex. A.**

On April 1, 2011 Lloyd had a Hearing on a Motion Dismissing Claims, Striking Pleadings, and Entering Defaults, which Hoffman did not receive notice or moving papers in the mail instead was informed by a former an attorney from Pahl & McCay, who withdrew as counsel of record May 20, 2010. Hoffman showed up late due to events beyond his control and was told by Carlson that everyone had gone. Hoffman did have his Declaration in hand, which

Case No. 12-CV-00198-EMC 4 MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)

was not filed due to the short notice in finding out about the hearing and the commute distance to Court House. *See* **Hoffman Dec. Ex. E.** Judge Carlson would not accept it at that time but mentioned he could file a motion to reconsider and the motion to strike he granted Lloyd. Hoffman checked PACER about a week later and saw that the motion for entry of default was granted, so thought he could not do a motion since he was now in default.

**B.    Relief Should be Granted Pursuant to FRCP 60(b) for Hoffman's Excusable Neglect**

"The court may set aside a default judgment under Rule 60(b)." The trial court has the discretion and power to set aside an entry of judgment for good cause including mistake, inadvertence, surprise or excusable neglect. [FRCP 60(b)(1); *Peacarsky v. Jalaxiworld.Com Limited* (2nd Cir. 2001) 249 F.3d 167, 170]. In the case at bench "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." [*Pioneer Investment Services Company v. Brunswick Associates Limited Partnership* (1993) 507 US 380, 394, 113S. Ct. 1489, 1497] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the parties omission." The equitable analysis specified in *Pioneer* helps in determining when neglect is excusable, which is done by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman,* 231 F.3d at 1223-24 (citing *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489) In *Briones v Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) the 9th Circuit noted that *Pioneer* changed our law on excusable neglect. Before *Pioneer,* we had held that "ignorance of court rules does not constitute excusable neglect" and had applied a per se rule

Case No. 12-CV-00198-EMC        5    MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)

against the granting of relief when a party failed to comply with a deadline. *See Briones,* 116 F.3d at 381, 382. After *Pioneer,* however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. Hoffman did try to comply with the court rules by trying to give his declaration to Judge Carlson but was told by Judge Carlson that he would not accept it. Hoffman could not prepare any other documents timely due to his limited skill at creating the necessary documents on the computer.

### C.     The Sanctions Imposed Against Hoffman Were To Egregious

*In re SageCrest II LLC,* 444 B.R. 20 (2011) the District Court held absent exceptional circumstances, court must consider efficacy of less drastic remedies before imposing a severe sanction for discovery abuse. They determined the bankruptcy court abused its discretion in entering, as discovery sanction, a preclusion order that had effect necessarily requiring entry of judgment in favor of other party without first considering effectiveness of less drastic sanction. Which in essence is the preclusion order is same thing that has been done in this case. Hoffman, since the initial case in 2004, has never missed or been delinquent in filing disclosures or produced discovery, as demonstrated by Hoffman's Status Conference Statement in Case 06-03165 Doc#14. *See* **Hoffman Dec. Ex. D.**

In determining whether the Bankruptcy Court abused its discretion, the court must be "mindful of the Supreme Court's repeated admonition that this standard of review means what it says: that [t]he question, or course, is not whether [we] would as an original matter have [applied the sanction]; it is whether the District Court abused its discretion in doing so.'" *Southern New Eng. Tel Co. v. Global NAPs Inc.,* 624 F.3d 123, No. 08-4518-CV, 624 F.3d 123, 143 (2d Cir. 2010)(quoting *Nat'l Hockey League v. Metro Hockey Club, Inc,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747(1976) (per curiam)). *In re SageCrest,* the issue in appeal was whether the

Bankruptcy Court erred by imposing a sweeping Preclusion Order without consideration, on the record, of whether less severe sanctions would adequately serve the purposes of Rule 37 sanctions. Hoffman's record is silent regarding less severe sanctions.

The sanctions under Rule 37 are intended: (1) to prevent a given party from benefiting from its failure to comply with discovery orders, (2) to specifically deter that party from continued violation of current and future discovery orders, and (3) to generally deter similar misbehavior by parties in other cases. *See Update Art v. Modlin Publishing,* 843 F.2d 67,71 (2d Cir. 1988).

Mr. Hoffman has already had a deposition taken in this case, *In re Sulfuric Acid Antitrust Litigation,* No 03 C 4576 / MDL No. 1536, 2005 WL 1994105 (N.D. ILL. Aug. 19, 2005) addresses the issues under Fed.R.Civ.P. 30(a)(2)(B):

> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison or if, without the written stipulation of the parties,
> ***
> (B) the person to be examined already has been deposed in the case;
> ***

The rule is quite clear and simple. Because the plaintiffs issued their notice for a second deposition of Mr. Ross without first seeking leave of the court, the notice was invalid under the Rule...Just as the defendants' attempt to take additional depositions without court permission was disallowed, so too is the plaintiff's attempted evasion of the Rule. *see In re Sulfuric Acid Antitrust Litigation,* No 03 C 4576 / MDL No. 1536, 2005 WL 1994105 (N.D. ILL. Aug. 19, 2005)

**D.     Lloyd Will Not Be Prejudiced By Setting Aside the Default**

Case No. 12-CV-00198-EMC          7     MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)

The Supreme Court notes in *Pioneer Investment Services Company, supra* at page 1498, prejudice as to the non-defaulting party is a *relevant circumstance* in determining whether relief should be granted. Plaintiff must be able to show that the delay resulted in a loss of evidence, that increased the difficulty of discovery, or that it thwarted plaintiff's ability to obtain relief, which is not the instant case. [*Cutting v. Town of Allenstown* (1st Cir. 1991) 936 F.2nd 18, 22; *Northwestern Mutual Life Insurance Company v. DeMallery* (SD NY 1992) 789 F.Supp 651] The 5th Circuit held: "There is no prejudice to plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case. [*Lacy v. Sitel Corporation* (5th Cir. 2000) 227 F.3d 290, 293; *See also, TCI Group Life Insurance Plan v. Knoebber* (9th Cir. 2001) 244 F.3d 691, 701]. Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. Had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring costs of doing so. Vacating the default judgment merely restores the parties to an even footing in the litigation. *Bateman v. United States Postal Service*, 231 F.3d 1220 (9th Cir. 2000).

## CONCLUSION

The Plaintiff has brought this motion for relief pursuant to FRCP Rule 60(b) in a timely fashion and respectfully submits that the interests of justice would be best served by the court exercising its sound discretion in setting aside the default and allowing the parties to litigate the matter on the merits of the case, as opposed to the granting of a default.

Respectfully submitted:

Dated: August 21, 2012.                /s/ Jeffrey E. Hoffman
                                        Jeffrey E. Hoffman, (*Pro Se*)

Case No. 12-CV-00198-EMC        8    MOTION FOR RELIEF PURSUANT TO F.R.C.P 60(b)