Jeffrey E. Hoffman
5132 N. Palm Ave., #103
Fresno, CA, 93704
Telephone: (559) 259-5043
Email: jeff@jedwardscompany.com

*Pro Se*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY HOFFMAN, et al.<br><br>Plaintiffs/Cross-Defendants.<br><br>v.<br><br>THOMAS R. LLOYD et al.,<br><br>Defendants/Cross Complainant<br><br>AND CONSOLIDATED ACTION___ | ) District Court Case No. 12-CV-00198-EMC<br>)<br>) Chapter 11 Case No. 04-32921 TEC<br>)<br>) Lead Adv. No. 05-03328 TEC<br>) [Consolidated with Adv. No. 06-03165]<br>)<br>) **PLAINTIFF'S REPLY**<br>) **MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES IN SUPPORT OF**<br>) **MOTION FOR RELIEF FROM**<br>) **JUDGMENT PURSUANT TO F.R.C.P.**<br>) **60(b)**<br>)<br>) Date: October 5, 2012<br>) Time: 1:30 p.m.<br>) Court: 17th Floor, Courtroom 5<br>) Judge: Hon. Edward M. Chen |

Case No. 12-CV-00198-EMC     1     REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S FRCP60(b) MOTION

# I.

## INTRODUCTION

Plaintiff, Jeffrey E. Hoffman ("Hoffman") hereby respectfully submits his Reply Memorandum of Points and Authorities In Support of his Motion For Relief of Judgment Pursuant to F.R.C.P. 60(b) ("Motion") to the primary arguments that Defendant Thomas R. Lloyd ("Lloyd")'s has made in his Memorandum of Points and Authorities in Opposition to Hoffman's Motion for Relief from Judgment Pursuant to F.R.C.P. 60(b).

# II.

## STATEMENT OF FACTS

This Court entered its Order adopting the Bankruptcy's Court "Proposed Findings of Facts and Conclusions of Law" and on the same day, the Clerk entered Judgment against H&B Properties in accordance with this Court's Order. Contrary to Lloyd's assertion regarding the Judgment entered by the Clerk on July 20, 2012 merely contained a clerical error is an understatement. The Federal Rules of Civil Procedure ("FRCP") Rule 58 defines the characteristic of the judgment document, basically stating who won what. Contents of judgment document *must* clearly state which parties are entitled to what relief (emphasis added), which the document clearly failed to meet the requirement under FRCP 58. *See* Reytblatt v. Denton, 812 F.2d 1042, 1044, 6 Fed. R. Serv. 3d 1378 (7th Cir. 1987) ("It must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief.")
The Amended Judgment in proper form was entered herein on July 27, 2012. True and correct copies of the Judgment dated July 20, 2012 and Amended Judgment dated July 27, 2012 are attached to ***See Declaration of Hoffman Exhibit A.***

///

## III.

## REPLY TO ARGUMENTS

**A.    Hoffman's Appeal Does Not Divest The District Court of Jurisdiction to Consider the F.R.C.P. 60(b) Motion**

It is not the desire of Hoffman to divests this Courts jurisdiction relative to the Motion for Relief from judgment. Actually, quite the opposite is true and Hoffman requests that this court reviews the Motion and render a decision.

Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment; however, a district court may entertain and decide such a motion after notice of appeal is filed if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the Court of Appeals, if appropriate, for remand of the case. FRCP Rule 60(b). 28 U.S.C.A. *Davis v Yageo Corp.,* 481 F.3d 661 (9th Cir 2007).

A party who considered himself entitled to relief both under Rule 60(b) and also by appeal, might, on occasion, be required to elect between the two remedies. Under the court's interpretation of the procedure to be followed in filing Rule 60(b) motions, both remedies would be available to an aggrieved party. In addition, the court noted that Rule 1 of the Federal Rules of Civil Procedure, which directs courts to construe the rules "to secure the just, speedy, and inexpensive determination of every action", would be furthered by its procedures. *Ferrell v. Trailmobile, Inc.* 223 F.2d 697 (9th Cir. 1955)

Hoffman's is seeking relief under FRCP 60(b) and any reference to FRCP 59 by Lloyd is irrelevant.

Case No. 12-CV-00198-EMC            3    REPLY MEMORANDUM OF POINTS AND AUTHORITIES
                                              IN SUPPORT OF PLAINTIFF'S FRCP60(b)MOTION

**B.     Hoffman's F.R.C.P. 60(b) Motion is Timely**

Based upon Lloyd's own reply, he states that a Rule 60(b) motion based upon "excusable neglect" must be filed within a "reasonable time" but not later than one year from the date for which reconsideration is requested. The notion that Hoffman did not file timely is in complete contradiction to his statements made in his own opposition brief. Motions for relief from final judgments and orders under FRCP 60 is exactly as stated; "Final Judgments and Orders" this Court filed its Amended Judgment on July 27, 2012.

Contrary to Lloyd's attorney that Hoffman's motion is taking issue with Judge Carlson's ruling is erroneous. Per Judge Chen's Order Adopting Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law "the Bankruptcy Court could not enter any Findings of Fact and Conclusions of Law itself but rather was limited to submitting proposed findings and conclusions to this Court". The authority to enter final judgment in this case rests with this District Court pursuant to 28 U.S.C. §157(c)(1).

Relative to Lloyd's innuendo of Hoffman's "wait in the weeds" and "sat on his hands" tactics are totally without merit. Anyone reviewing this case would realize that Lloyd and his team of lawyers implemented unnecessary and frivolous adversary proceedings as well as their many other unethical maneuverings all designed to elongate a bad faith bankruptcy filing into seven years causing enormous damages and costs, ironically inuring to the benefit of Lloyd's counsel and at the unfortunate expense to their client. ***See Declaration of Hoffman Exhibit B.***

**C.     Hoffman's F.R.C.P. 60(b) Motion is With Merit**

Although the application for Rule 60(b) is left to the discretion to the District Courts, reviewable in the 9th Circuit only for abuse of discretion, the 9th Circuit considers "Rule 60(b)

remedial in nature and…must be liberally applied". *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). More specifically in applying the general terms of Rule 60(b) to default judgments, the 9th Circuit has emphasized such judgments are "appropriate in only extreme circumstances; a case should, whenever possible, be decided on the merits". *Falk supra,* 739 F.2d at 463.

Lloyd's footnote on page 5 falsely states Hoffman no longer claims improper service for the April 1, 2011 hearing. Hoffman maintains that position still to this day as evidenced in his Motion for Relief from Judgment on page 4 Lines 22-28.

As Hoffman stated to the Court on April 1, 2011 he had traveled up from Watsonville, in extremely heavy traffic and it is a drive he is not that familiar with. Stressed by the situation he became extremely anxious, causing his blood pressure to fluctuate and ultimately resulting in disorientation. Hoffman's heart condition is significant enough that continued monitoring of his blood pressure throughout the day is required using a portable blood pressure machine whereby the necessary medications are taken to keep the pressure within acceptable ranges.

When Judge Carlson finally addressed Hoffman he indicated that he granted Lloyd's motion, then went on to state that Hoffman "could file an application"…and change the situation. Judge Carlson described the documents that would be necessary and the filing time frames associated with such. As stated in Hoffman's Motion, he only found out about the April 1, 2011 hearing through prior counsel only days before. Asking if he could submit his paperwork to the Court Carlson stated he was unable to since he had already granted the motion. ***See Declaration of Hoffman Exhibit C.***

Case No. 12-CV-00198-EMC           5    REPLY MEMORANDUM OF POINTS AND AUTHORITIES
                                        IN SUPPORT OF PLAINTIFF'S FRCP60(b)MOTION

Judge Carlson went on describing what would be required in the filing process of this application, which he also referred to as a request for relief from judgment. He stated there was enough time to file this motion/application. The end result was that he was thoroughly confused. The transcript of Hoffman speaking to Judge Carlson displays his confusion and any questions he asked to get clarity only left him further confused. What he was hoping was that after leaving the court and reflecting on what was said would bring greater clarity. The terms like "relief from that judgment", and referring to it as an "application" then later in the conversation stating it was a "motion for relief from an order". In trying to research the specific motion, none of the terminology was exactly as Judge Carlson stated. Hoffman had just joined Pacer and on April 7th noticed that the order for the default sanctions had been filed which only created greater doubt about whether Hoffman would identify the proper motion Carlson had in mind get it filed timely. Hoffman completely froze up resulting in not getting anything filed. It certainly was not intentional and as evidenced from the limited papers he has filed in this case, Hoffman if given ample time and is clear regarding the required documents, he can get it done in a very professional manner. Judge Carlson has bent over backwards for Lloyd and or his team. As you can see from the record Carlson would do things like remove the existing trustee and allow Lloyd to be his own trustee; never did he ever mandate to Lloyd or his attorneys let alone ever discipline them with simplest of monitory sanctions.

Lloyd's statement that Hoffman had repeated failures is gross misrepresentation of the facts. As Hoffman's Motion stated he has always complied timely to any and all discovery requests. The issue here all stems from Lloyd's complete disregard for effectuating proper

Case No. 12-CV-00198-EMC        6    REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S FRCP60(b)MOTION

noticing, starting first with the improper deposition notices and complete lack of delivery for the motion scheduled for April 1, 2010. The April 1st hearing was told to Hoffman by prior council only days before.

Mr Goodrich contends that Hoffman presented no evidence at the damage phase of the trial. Mr Goodrich apparently doesn't remember not delivering his trial brief; witness list, and the only documents given to Hoffman were exhibits handed to him the day of trial; unmarked, loose, and completely out of order. Without knowing what they were claiming for damages and how they were figuring damages and who was to testify in support of the alleged damages, it was virtually impossible to be prepared. This was in direct violation of Judge Carlson's order at the April 1, 2010 (transcript pg # 10, line 22-24) hearing where he specifically states multiple times that regardless of the default judgment against Hoffman Judge Carlson still wanted Hoffman to be able to defend himself at the damage phase trial. To make matters worse, when Hoffman conducted cross examinations of Lloyds witnesses, he was continually reminded by Judge Carlson that allegations made by Lloyd are now no longer of contention and are in fact as true as if were fully litigated; regardless of how outrageous the allegation was. This was when the stark reality set in of just how devastating terminating sanctions are. Here we have Lloyd and his legal team defrauding everyone involved in the Elizabeth St Residence while creating this image of a poor decrepit man that was ignorant in all business matters. Lloyd with the aid of his attorney Mr Blum filed a bad faith chap 11 BK which was filed for the sole purpose to defraud the investors in the Elizabeth St Project. Judge Carlson was complacent throughout this whole time. Lloyd's attorneys have a relationship with Judge Carlson whereby they have never been sanctioned relative to total disregard for any procedures, not to mention the actual illegal stunts they have

Case No. 12-CV-00198-EMC            7    REPLY MEMORANDUM OF POINTS AND AUTHORITIES
                                                 IN SUPPORT OF PLAINTIFF'S FRCP60(b)MOTION

pulled while actively in BK. Again the BK was merely a tool used for facilitating their goal of taking the equity out of the properties and investors thru litigation. This BK initially had a trustee, but they had Judge Carlson remove the trustee and put Lloyd in as his own. Never would Carlson mandate that Lloyd file the required reports, *See Declaration of Hoffman Exhibit D* Blum then has Lloyd sign a rescission notice citing CC§1695 as authority, illegally recording it at the county clerks office without permission of the BK trustee, or any approval from the BK courts for that matter, a legal requirement to do anything relative to the Elizabeth St property, which Blum only 4 days prior placed in the protection of the BK courts *See Declaration of Hoffman Exhibit E* Blum in conjunction with Mr Goodrich and Tom Lloyd have writings describing their scheme *See Declaration of Hoffman Exhibit F*

    Lloyd's contention that setting Hoffman's default aside would in anyway be prejudicial is without merit in general; certainly alleging predatory lending is an absolute fabrication. Lloyd and council Mr Goodrich must be dreaming of their next scam where they will pose as victim's falling prey to unscrupulous lending (Goodrich probably wanted to get that highly charged word…predatory lending in the mix). Nothing in this case, involves lending laws and any kind and reference to such can only be for the negative connotation. Lloyd's financial situation is what it is and was there prior to the windfall judgment awarded in his favor, and at a time when Lloyd's legal team of three were strongly moving forward to go to trial. There is a greater degree of prejudice as a result of not vacating the default judgment whereby the final outcome of the case is determined not by its merits but the result of a sanction. Lloyd's legal team have got to address any financial woes of Lloyd with tongue and cheek as you can see here. *See Declaration of Hoffman Exhibit G*

Case No. 12-CV-00198-EMC          8    REPLY MEMORANDUM OF POINTS AND AUTHORITIES
                                                              IN SUPPORT OF PLAINTIFF'S FRCP60(b)MOTION

Lloyd's contention that there is going to be this great cost of "retrying" the case is a misnomer. The costs were certainly not forcing him to pare down his legal team and they were fully prepared financially to proceed to trial.

Lloyd's belief that I have strategically waited to file the 60(b) motion, in an attempt to "forum shop" and the statement that Lloyd's BK Judge is retiring (not sure the relevance of this) is just not true. The Rule 60(b) motion was filed immediately upon the final judgment being entered.

## **CONCLUSION**

Hoffman believes that Lloyd did not submit any arguments that would support Lloyd's position that the Court deny the motion for relief. Any argument that Lloyd would be prejudiced to any degree is completely eclipsed by the degree of prejudice Hoffman would surely suffer if the Court does not grant relief. Therefore Hoffman feels strongly that the motion be granted

                                                                           Respectfully submitted:

Dated: September 16, 2012.                          /s/ Jeffrey E. Hoffman
                                                                           Jeffrey E. Hoffman, (*Pro Se*)