UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY EDWARD HOFFMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS R. LLOYD, <br><br> Defendant. <br> _____/ | No. C-12-0198 EMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** <br><br> **(Docket No. 14)** |

Currently pending before the Court is Jeffrey Edward Hoffman's motion for relief from judgment pursuant to Federal Rule of Civil Procedure Rule 60(b). The Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for October 5, 2012. For the reasons discussed below, the Court hereby **DENIES** Mr. Hoffman's motion.

**I. DISCUSSION**

Rule 60(b) provides in relevant part that, in certain circumstances, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In the instant case, Mr. Hoffman seeks relief from the final judgment entered in the instant case on the basis of Rule 60(b)(1) (mistake, inadvertence, and/or excusable neglect) and and (6) (any other reason that justifies relief). *See* Fed. R. Civ. P. 60(b)(1). Mr. Hoffman filed his Rule 60(b) motion on August 27, 2012. On August 27, 2012, Mr. Hoffman also filed a notice of appeal of the Court's amended judgment. Although filed on the same day as the Rule 60(b) motion, the notice of appeal was docketed after the Rule 60(b) motion.

Generally, once a party files a notice of appeal, the district court is divested of jurisdiction over any matter which is the subject matter of the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (stating that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"). There is, however, an exception to this general rule. Federal Rule of Appellate Procedure 4(a)(4)(B)(I) allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations. The rule provides as follows: "If a party files a notice of appeal after the court announces or enters a judgment – *but before it disposes of any motion listed in Rule 4(a)(4)(A)* – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(I) (emphasis added). Rule 4(a)(4)(A) identifies several motions, including a Rule 60(b) motion. However, in order to get the benefit of Rule 4(a)(4)(A), the Rule 60(b) motion must have been "filed no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi). In the instant case, the amended judgment was entered on July 26, 2012. Mr. Hoffman did not file his Rule 60(b) motion until August 27, 2012 – *i.e.*, more than 30 days later. Thus, Mr. Hoffman cannot rely upon Rule 4(a)(4)(B)(I), and the general rule that a district court is divested of jurisdiction upon a notice of appeal would seem to be applicable.

In his reply brief, Mr. Hoffman contends that, even if this Court lacks jurisdiction as a formal matter, it should liberally construe his motion as a request for the Court to indicate its willingness to entertain or grant his motion. *See* Reply at 3. Mr. Hoffman does have authority to support his position that the Court has jurisdiction with respect to this limited issue. *See* Fed. R. Civ. P. 62.1(a) (providing that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue"); *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (stating that "a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to 'ask the district court

2

whether it wishes to entertain the motion, or to grant it, and then move this court [*i.e.*, the Ninth Circuit], if appropriate, for remand of the case'"); *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2002) (stating that, "[t]o seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case") (internal quotation marks omitted). Accordingly, the Court shall consider the arguments made in Mr. Hoffman's papers within this context.

### 1. Mistake, Inadvertence, or Excusable Neglect

As noted above, Mr. Hoffman claims mistake, inadvertence, and/or excusable neglect as one basis for seeking relief from the Court's judgment. *See* Fed. R. Civ. P. 60(b)(1). More specifically, Mr. Hoffman argues that his default should not have been maintained because his failure to file a motion for relief from the bankruptcy judge's order granting entry of default constituted a mistake, inadvertence, or excusable neglect. According to Mr. Hoffman, even though the bankruptcy judge explicitly told him that he could file a motion for relief, "he was thoroughly confused" by the bankruptcy judge's instructions and "any questions he asked to get clarity only left him further confused." Reply at 6. Mr. Hoffman further claims that, later, "[i]n trying to research the specific motion, none of the terminology was exactly as Judge Carlson stated." Reply at 6. Mr. Hoffman also asserts that, after he saw the bankruptcy judge's order granting the default, it "only created greater doubt about whether [he] would identify the proper motion [Judge] Carlson had in mind [and] get it filed timely." Reply at 6. Mr. Hoffman concludes that he "completely froze up resulting in not getting anything filed." Reply at 6.

The Court has reviewed the hearing transcript and does not find Mr. Hoffman's claim of confusion credible. The bankruptcy judge gave clear instructions as to how Mr. Hoffman should proceed if he wanted to get relief from the order granting Mr. Lloyd's motion. Notably, Mr. Hoffman did not express any confusion to the bankruptcy judge, either at the hearing or thereafter. Moreover, although he is a pro se litigant, Mr. Hoffman's filings evidence his sophistication, which belies his claim that, after the hearing, he did not know what he was supposed to do or what the bankruptcy court wanted. Finally, Mr. Hoffman's suggestion that he did not have enough time to

3

make a filing is not borne out by the record. The hearing before the bankruptcy judge at which he was insturcted how to file a motion for relief was on April 1, 2011. The damages hearing was not set until June 28, 2011. Thus, Mr. Hoffman had more than a month to file his motion and have it heard before the June 28 damages hearing. In short, the Court rejects Mr. Hoffman's assertion that his failure to contest the order entering his default was not intentional.

Because Mr. Hoffman intentionally chose not to contest the bankruptcy judge's order entering his default, Mr. Hoffman cannot seek relief from judgment on the basis of mistake, inadvertent, or excusable neglect. As noted in the Moore's legal treatise, "deliberate or willful conduct on the part of the person seeking relief from the judgment precludes, by its very nature, a finding of 'mistake' or 'inadvertence' or . . . 'excusable neglect.'" 12-60 Moore's Fed. Prac. – Civ. § 60.41. In his reply brief, Mr. Hoffman suggests that he did not appreciate what the consequences of his default would be at the time he did not contest the bankruptcy judge's order. According to Mr. Hoffman, it was not until the damages hearing, when the bankruptcy judge informed him that the allegations made by Mr. Lloyd were to taken as true because of the default "regardless of how outrageous the allegation was, that "the stark reality set in of just how devastating terminating sanctions are." Reply at 7. But this argument is foreclosed by the Ninth Circuit's comment in *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006), that "'[a] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.'" *Id.* at 1101.

Because the Court sees little to no merit to Mr. Hoffman's claim of mistake, inadvertence, or excusable neglect, it denies his request for relief to the extent he has asked the Court to indicate its willingness to entertain or grant his Rule 60(b)(1) motion.

2. <u>Any Other Reason That Justifies Relief</u>

Mr. Hoffman also moves for relief on the basis of Rule 60(b)(6), which provides that a court may grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief."[1] Fed. R. Civ. P. 60(b)(6). This catch-all provision has been narrowly construed. For

---

[1] Although Mr. Hoffman does not expressly cite Rule 60(b)(6), that is the only provision in Rule 60(b) that is potentially applicable.

4

example, the Ninth Circuit has stated that Rule 60(b)(6) is used "sparingly as an equitable remedy to prevent manifest injustice" and that to receive relief under the rule, "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute [his case].'" *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (internal quotation marks omitted).

In the instant case, Mr. Hoffman seems to invoke Rule 60(b)(6) by arguing that a terminating sanction was too drastic a sanction. The Court does not agree. Mr. Hoffman conducted himself in a manner justifying the application of that sanction. First, he failed to attend his deposition (or, alternatively, failed to move for a protective order to bar the deposition from going forward). Second, he failed to oppose Mr. Lloyd's motion to strike his answer and for entry of default. Third, he failed to move to set aside the bankruptcy court's order granting the entry of default – even though he had been expressly informed by the bankruptcy court that such a motion could be filed. To the extent Mr. Hoffman argues that he was confused by the bankruptcy court's instructions, that argument has no merit for the reasons already stated above.

Thus, the Court concludes that Mr. Hoffman is not entitled to relief not only under Rule 60(b)(1) but also under Rule 60(b)(6). More specifically, the Court denies his request for relief to the extent he has asked the Court to indicate its willingness to entertain or grant his Rule 60(b)(6) motion.

## II. CONCLUSION

For the foregoing reasons, the Court denies Mr. Hoffman's request for relief.

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: October 11, 2012

_____
EDWARD M. CHEN
United States District Judge

5